IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VACHON ANDERSON, | No C 06-3139 VRW (PR) |
| Petitioner, | |
| v | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| TOM CAREY, Warden, | |
| Respondent. | |

Petitioner seeks a writ of habeas corpus under 28 USC § 2254 following his conviction by a Santa Clara County superior court jury for second-degree robbery and being an ex-felon in possession of a firearm. The jury also found that petitioner personally used a firearm during the robbery and petitioner admitted three prison priors. On April 16, 2004, petitioner was sentenced to 17 years in state prison.

On February 25, 2005, the California Court of Appeal affirmed the judgment of the trial court and, on May 11, 2005, the California Supreme Court denied review.

On May 10, 2006, petitioner filed the instant petition under § 2254. On September 1, 2006, this court found petitioner's claims were cognizable under § 2254 when liberally construed and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

I

The California Court of Appeal summarized the factual background of the case as follows:

> This case involves the armed robbery of a Blockbuster Video store in San Jose. In September 2003, Vanessa Villagrana was working when defendant entered the store. Defendant browsed the store, and eventually approached the cash register with movies he wished to buy. Ms. Villagrana attempted to process the sale, but had a problem calculating the price on the register, so she asked another cashier, Jennifer Salazar to help her.
>
> Defendant purchased four DVD movies with cash, and Ms. Salazar gave him 57 cents in change. Just as the transaction was complete, and Ms. Salazar was in the process of closing the cash drawer on the register, defendant told Ms. Salazar to put the money in the bag. Ms. Salazar believed defendant meant his 57 cents in change, so she closed the cash drawer.
>
> Defendant told Ms. Salazar to open the drawer again, but Ms. Salazar did not comply. Defendant then pulled a gun partially out of his right pants pocket exposing the handle and a small portion of the barrel. Ms. Salazar focused on the gun, and believing that it was real, she opened the cash drawer and removed approximately $ 200 in bills.
>
> Ms. Salazar did not immediately hand the money over to defendant, but stood there for a moment. Ms. Villagrana saw Ms. Salazar back away

2

from the register and tilt her head in defendant's direction.

Defendant then pulled the gun almost completely out of his pocket and leaned toward Ms. Salazar. Both Ms. Salazar and Ms. Villagrana could see the gun. Ms. Salazar then gave Ms. Villagrana the money. Defendant took the money, along with his DVD's and 57 cents in change and left the store.

A call was made to 911, and officers arrived at the store within two minutes. A San Jose police officer went to the area near the store and saw defendant walking down the sidewalk and asked to speak with him. Defendant kept walking past the officer and stopped behind a tree. Defendant then walked out from behind the tree, and the officer again asked if he could speak to defendant. The officer then pat searched defendant for weapons. During the process of the search, the officer found $296.57 in defendant's pocket. The officer searched behind the tree where defendant had been, and found four DVD's that matched the titles on the receipt for defendant's purchase in the Blockbuster Video store. Defendant's fingerprints were found on the DVD's.

With the assistance of a San Jose Police Department bloodhound, the officers were able to determine defendant's route from the Blockbuster Video store to where the DVD's were found. The route was searched, as well as the dumpsters located along the route, but no gun was ever found.

After defendant was detained, Ms. Salazar and Ms. Villagrana were separately driven to the scene where defendant was being detained. Ms. Salazar told the officer that it was a "very strong maybe" that defendant was the robber, but she was unable to positively identify him. Ms. Villagrana told the officer that defendant was not the robber, and that the robber was older than defendant and had no facial hair.

At the preliminary hearing in this case, Ms. Salazar, Ms. Villagrana and a customer in the store during the incident, Georgia Gonzales identified defendant as the robber.

Defendant presented no evidence at trial.

Defendant was charged by information with second-degree robbery, with an additional allegation

3

> of personal use of a firearm (1. Pen. Code, §§ 211-212.5, subd. (c), 12022.53, subd. (b)), and being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)). The information also alleged that defendant had suffered three prior prison terms. ( § 667.5, subd. (b)). Defendant pleaded not guilty to both charges and denied the special allegations.
>
> After trial, the jury convicted defendant of both charges and found additional enhancements true. Defendant was sentenced to the upper term of five years for the robbery, and an additional 10 years for the personal use of a firearm enhancement. The court imposed a concurrent term of two years for the ex-felon in possession of a firearm conviction and an additional two years for two of the prison priors, dismissing the third prison prior in the interests of justice.

People v Anderson, No H027348, 2005 Cal App Unpub LEXIS 1677, at ** 2-7 (Cal Ct App Feb 25, 2005).

## II

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 USC § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court

4

has on a set of materially indistinguishable facts." <u>Williams v Taylor</u>, 529 US 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id at 409.

The only definitive source of clearly established federal law under 28 USC § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id at 412; <u>Clark v Murphy</u>, 331 F3d 1062, 1069 (9th Cir 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

\\
\\
\\
\\

5

**III**

Petitioner seeks federal habeas relief based on two claims: (1) there was insufficient evidence to support the jury's finding that petitioner possessed a real firearm; and (2) trial counsel was ineffective in failing to request a limiting instruction related to evidence of petitioner's prior conviction, and failing to object to prosecution statements about the prior conviction during closing argument.

**A**

Petitioner claims that there was insufficient evidence to support the jury's finding that petitioner possessed a real firearm. Petitioner argues that the only evidence of a firearm was the testimony by Ms Salazar and Ms Villagrana, and that their statements did not have enough certainty to prove the gun was real beyond a reasonable doubt.

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence was established beyond a reasonable doubt. Payne v Borg, 982 F2d 335, 338 (9th Cir 1992). Rather, the relevant inquiry on review of a constitutional challenge to the sufficiency of the evidence to support a criminal conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v Virginia, 443 US 307, 319 (1979) (emphasis in original). The reviewing court "faced with a record of historical facts that supports conflicting

6

inferences must presume – even if it does not affirmatively appear on the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id at 326.

The California Court of Appeal rejected petitioner's insufficient evidence claim because it found substantial evidence that petitioner possessed a real firearm.

> In this case, there was substantial evidence from which a reasonable trier of fact could have concluded that defendant was armed with a real gun. Ms. Salazar testified that although she had never touched a gun, she had seen guns in films and on television, and the gun defendant was holding looked real. Additionally, Ms. Villagrana testified that she had seen real guns before, and she believed the gun defendant was holding was real. Circumstantial evidence is sufficient to show the character of the weapon used. (People v. Green (1985) 166 Cal. App. 3d 514, 517, 212 Cal. Rptr. 451.)
>
> Furthermore, California courts have often held that a defendant's statements and behavior while making an armed threat against a victim may warrant a jury's finding that a weapon was loaded. (People v. Rodriguez (1999) 20 Cal.4th 1, 12-13.) Here, we believe this reasoning extends to whether or not the defendant used a "real gun" as opposed to a toy. Here, defendant revealed a gun to Ms. Salazar, and when she hesitated to hand over the cash from the cash register, defendant displayed more of the gun, causing Ms. Salazar to give him the cash. From this the jury could have inferred that the gun was real.
>
> Accordingly, we reject defendant's contention that there was insufficient evidence that the gun was a real firearm.

People v Anderson, 2005 Cal App Unpub LEXIS 1677, at ** 9-10. A review of the record shows that the court's denial was not an objectively unreasonable application of the Jackson standard. See 28 USC § 2254(d).

The testimony of Ms Salazar and Ms Villagrana was sufficient evidence to lead a rational trier of fact to find that the gun was a real firearm beyond a reasonable doubt. See <u>Jackson</u>, 443 US at 319. Ms Salazar stated three times during her testimony that the gun appeared to be metal, not plastic. RT 99, 131, 133. Ms Salazar was initially unsure if the gun was real or not, so she focused her attention on it and decided it was probably real. Id at 92. Ms Villagrana also testified that the gun looked real to her. Id at 174.

In addition, the fact that petitioner disposed of the gun quickly is circumstantial evidence that the gun was a real firearm. It seems less likely that petitioner would have disposed of a toy or replica gun. And, as the California Court of Appeal noted, petitioner's actions during the robbery also were circumstantial evidence that the gun was real. See <u>People v Anderson</u>, 2005 Cal App Unpub LEXIS 1677, at **9-10. Viewing all of this evidence together, in the light most favorable to the prosecution, there is little doubt that a rational juror could have believed that possession of a firearm was proved beyond a reasonable doubt. See <u>Jackson</u>, 443 US at 319.

Petitioner argues that Ms Salazar and Ms Villagrana were not sure if the gun was real. He points to Ms Salazar's statement that "I thought maybe the gun wasn't real," RT 92, and a statement on cross examination that she couldn't say whether the gun was metal or plastic, id at 133. Proof beyond a reasonable doubt does not, however, require absolute certainty. Circumstantial evidence is sufficient for proof beyond reasonable doubt. See <u>Walters v Maass</u>,

8

45 F3d 1355, 1358 (9th Cir 1995) (circumstantial evidence and inferences drawn from that evidence may be sufficient to sustain a conviction).

Taken in its entirety, Ms Salazar's testimony could lead a rational trier to determine beyond a reasonable doubt that the gun was real. When Ms Salazar said "I thought maybe the gun wasn't real," she was describing her first reaction to seeing the gun. RT 92. Ms Salazar also testified that she looked at the gun again, to see if it was real or not, and decided that it looked real. Id at 92. She said that nothing made her think it wasn't real, she just wanted to determine if it was real or not. Id. On habeas review, a federal court evaluating the evidence should take into consideration all of the evidence presented at trial. LaMere v Slaughter, 458 F3d 878, 882 (9th Cir 2006). The entirety of Ms Salazar's testimony, together with the other circumstantial evidence, could lead a rational juror to determine the gun was real beyond a reasonable doubt. See Jackson, 443 US at 319.

In sum, it cannot be said that, after viewing the evidence in the light most favorable to the prosecution, no "rational trier of fact" could have found it beyond a reasonable doubt that petitioner was armed with a real firearm. See id. The state court's rejection of petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 USC § 2254(d); Juan H v Allen, 408 F3d 1262, 1274 (9th Cir 2005). Petitioner is not entitled to federal habeas relief on this claim.

9

**B**

Petitioner claims that he was denied effective assistance of trial counsel because counsel did not request a limiting instruction specific to petitioner's prior conviction and did not object to a statement made by the prosecutor about the prior conviction during closing argument.

In order to prevail on an ineffective assistance of counsel claim, petitioner must establish two things.  First, he must establish that counsel's performance was deficient, i e, that it fell below an "objective standard of reasonableness" under prevailing professional norms.  Strickland v Washington, 466 US 668, 687-88 (1984). Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Id at 689.  Second, he must establish that he was prejudiced by counsel's deficient performance, i e, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.

The California Court of Appeal rejected petitioner's ineffective assistance of counsel claims because it viewed counsel's decisions as reasonable tactical choices.

> We regard a decision whether to request an instruction limiting the use to which potentially adverse evidence may be put as essentially tactical. Although ideally a well-crafted limiting instruction should assure that the jury will use evidence only for the purposes for which it is admissible, in the real world of trial practice

10

> such an instruction will often tend to highlight the adverse evidence without providing an offsetting assurance that the jury will follow the instruction * * * A decision not to seek such an instruction would have been rational in the circumstances of record here.
>
> * * * Like the circumstances discussed above regarding counsel's decision not to request a specific limiting instruction when the prior conviction was admitted, we find the decision not to object or request a limiting instruction during the prosecution's rebuttal was also a tactical decision. Specifically, counsel may not have objected in order to keep the jury focused on the actual testimony of the eyewitnesses regarding their observations of the gun. As such, we will not second-guess trial counsel's reasonable tactical decision. (People v. Carter (2003) 30 Cal.4th 1166, 1209.)

People v Anderson, 2005 Cal App Unpub LEXIS 1677, at ** 12-13.

1

Petitioner claims that he was denied effective assistance of trial counsel when his counsel failed to request a limiting instruction related to evidence of petitioner's prior conviction for sale of heroin. The court admitted petitioner's previous conviction for the purpose of count two of the information, being a felon in possession of a firearm. At the end of the trial, the court gave the jury CALJIC No. 2.09, a general instruction on the limited use of evidence. Petitioner argues the jury should have been given CALJIC No. 2.50, which is specific to "other crimes" evidence.

The California Court of Appeal's rejection of petitioner's first basis for ineffective assistance of counsel was not contrary to, or involved an unreasonable application of, clearly established

11

Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 USC § 2254(d).

A difference of opinion as to trial tactics does not constitute denial of effective assistance. See <u>United States v Mayo</u>, 646 F2d 369, 375 (9th Cir 1981). Tactical decisions in particular deserve deference when they are based on strategic considerations and are reasonable under the circumstances. See <u>Sanders v Ratelle</u>, 21 F3d 1446, 1456 (9th Cir 1994). Whether the decision was reasonable is a question of law considered under 28 USC § 2254(d)(1). <u>Edwards v LaMarque</u>, 475 F3d 1121, 1126 (9th Cir 2007).

The record shows that defense counsel considered asking for CALJIC No. 2.50 or some other additional limiting instruction, but chose not to do so. After the prior conviction had come into evidence, Judge Danner discussed the jury instructions with counsel in chambers. Judge Danner then described the conversation on the record, outside the presence of the jury:

> We had discussed in chambers giving an instruction with respect to the jury's ability to consider the evidence concerning the defendant's prior conviction which is an element of count two for only that purpose. And I believe it was the conclusion of counsel as not appropriate or necessary to give any further instruction on this subject.

RT 456. Defense counsel responded by saying "That's correct, your Honor." Id at 456. The California Court of Appeal reasonably determined that counsel's decision was tactical.

The California Court of Appeal also reasonably concluded that counsel's decision was reasonable under the circumstances.

12

Defense counsel may not have wanted to emphasize the prior conviction. A limiting instruction specific to the prior conviction could have highlighted it in the mind of the jury, without providing any assurance that the instruction would be followed. Because there was a sound strategic reason for not requesting an additional limiting instruction, the state court reasonably concluded that counsel's decision did not fall below an objective standard of reasonableness under prevailing professional norms. See Strickland, 46 US at 687-88.

Unfortunately, it is unclear whether the California Court of Appeal considered the absence of <u>any</u> limiting instruction regarding the prior conviction. At the end of the trial, the court read CALJIC No. 2.09 to the jury:

> Certain evidence was admitted for a limited purpose. At the time this evidence was admitted you were instructed that it could not be considered by you for any other purpose other than the limited purpose for which it was admitted. Do not consider this evidence for any purpose except the limited purpose for which it was admitted.

RT 462. The record does not show that any limiting instruction was given at the time the evidence of the prior conviction was admitted, as contemplated in CALJIC No. 2.09.

While CALJIC No. 2.09 appears incomplete without a specific limiting instruction at the time the evidence of the prior conviction was admitted, counsel's decision not to request CALJIC No. 2.50 or any other limiting instruction at the end of trial is not a basis for ineffective assistance. Petitioner has not shown prejudice as a result of counsel's decision not to request any

13

additional limiting instruction.  In view of the evidence presented at trial, it simply cannot be said that there is a reasonable probability that, but for counsel's failure to request a limiting instruction as to the prior conviction, the result of the proceeding would have been different.  See Strickland, 466 US at 694.

The prosecution introduced substantial evidence in support of the first charge of second-degree robbery.  Ms Salazar and Ms Villagrana testified that petitioner was the person who robbed the store.  A customer who witnessed the robbery also testified and identified petitioner.  Petitioner was arrested near the store a few minutes after the robbery.  Police found DVD's nearby with his fingerprints on them that matched the DVD's purchased during the robbery.  Petitioner had $296.57 in his pocket when he was arrested; the Blockbuster manager testified that approximately $297.91 was missing from the register after the robbery.  In light of the substantial evidence as to the robbery charge, there is no reasonable probability that the verdict on the robbery charge would have been different had counsel requested an additional limiting instruction related to petitioner's prior conviction.  Id.

In support of the additional allegation that petitioner used a firearm during the robbery, the prosecution introduced the testimony of the two clerks who saw the gun.  Ms Salazar and Ms Villagrana both testified that they believed the gun was real.  Ms Salazar testified that she took a second look at the gun, specifically to determine if it was real or not, and decided that it was.  In light of the testimony from two independent and corroborating witnesses as to the firearm enhancement, there is no

14

reasonable probability that the outcome on the firearm enhancement allegation would have been different, had counsel requested an additional limiting instruction related to petitioner's prior conviction.  Id.

In sum, there was substantial evidence introduced at trial that petitioner committed the robbery and personally used a real firearm.[1]  The court is satisfied that confidence in the outcome of the proceedings is not undermined by counsel's decision not to request an additional limiting instruction.  Id.

Petitioner is not entitled to federal habeas relief on his first basis for ineffective assistance of trial counsel.  The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts.  See 28 USC § 2254(d).

2

Petitioner claims that counsel was ineffective for failing to object to a statement made by the prosecutor about the prior conviction during closing argument.  The prosecutor told the jury that because petitioner was a heroin dealer, it was more likely the gun used during the robbery was a real firearm.  Petitioner claims

---

[1] Petitioner's claim of ineffective assistance of counsel does not apply to petitioner's conviction for being a felon in possession of a firearm. The prosecution was required to introduce evidence of petitioner's prior conviction in order to prove that he was a felon.  Counsel could not have requested a limiting instruction in relation to this charge because the evidence was admitted specifically to prove it.

15

1 this was an improper argument and his counsel should have made an
2 objection.

3 The California Court of Appeal rejected petitioner's
4 second basis for ineffective assistance of counsel on the ground
5 that counsel's decision not to object was reasonable under the
6 circumstances. People v Anderson, 2005 Cal App Unpub LEXIS 1677, at
7 * 13. The court reasoned that counsel may not have objected in
8 order to keep the jury focused on the actual testimony of the
9 eyewitnesses regarding their observation of the gun. Id.

10 The California Court of Appeal's rejection of petitioner's
11 claim was not contrary to, or involved an unreasonable application
12 of, clearly established Supreme Court precedent. See 28 USC §
13 2254(d). An objection immediately after the prosecutor's statement
14 may have only served to highlight the statement, without any
15 assurance the jury would have disregarded it had they been
16 instructed to do so by the judge. Regardless, petitioner's claim
17 fails because he has not shown prejudice from counsel's decision.

18 In order to show prejudice from failure to object,
19 petitioner must show that (1) had his counsel objected, it is
20 reasonable that the trial court would have sustained the objection,
21 and (2) had the objection been sustained, it is reasonable that
22 there would have been an outcome more favorable to him. Wilson v
23 Henry, 185 F3d 986, 990 (9th Cir 1999).

24 Even if the trial judge could have sustained the
25 objection, petitioner has not shown that it is reasonable that there
26 would have been an outcome more favorable to him. Id. In support
27 of the allegation of personal use of a firearm, the prosecution

16

introduced the testimony of Ms Salazar and Ms Villagrana.  The record shows that the jury focused on this testimony in particular while deciding the firearm enhancement.

During deliberations, the jury requested from the court a copy of Ms Salazar's testimony specific to the gun.  CT 219.  The jury also submitted a question to the judge, asking if they could find the enhancement true based solely on the belief of the witnesses:

> We need clarification on the allegation in count 1.  Is it true that we are only to decide "True" if Jennifer [Salazar] and Vanessa [Villagrana]'s <u>belief</u> that it was a firearm.  Is the belief that it was a firearm by Jennifer and Vanessa enough to say it's true?

Id at 220 (emphasis in original).  These were the only two requests the jury made during deliberations.  The court answered as follows:

> You must decide whether the allegation as stated in the Information * * * is true or is not true beyond a reasonable doubt * * *.  Your decision must be based upon all of the evidence that you have received in the trial and on the law as contained in the Instructions * * * Jennifer and Vanessa's testimony concerning their beliefs is evidence that you may use to reach a decision.

Id at 221.

The testimony of Ms Salazar and Ms Villagrana was substantial evidence that petitioner used a real firearm during the robbery, and the record shows that the jury carefully considered this testimony.  The court is satisfied that confidence in the outcome of the proceedings is not undermined by counsel's decision not to object to the prosecution's statement during closing.  See <u>Strickland</u>, 46 US at 694.

17

Petitioner is not entitled to federal habeas relief on his second basis for ineffective assistance of trial counsel. The state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts. See 28 USC § 2254(d).

## IV

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge